IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09cr26-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| TRACY BERNARD GIBSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Withdraw Guilty Plea Due to Ineffective Assistance of Counsel. [Doc. 307]. The Government opposes the Defendant's Motion. [Doc. 313].

**I.   PROCEDURAL HISTORY**

On April 7, 2009, the Defendant was indicted along with thirteen co-defendants for a drug trafficking conspiracy. Specifically, the Defendant was charged with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); using a communication facility in committing the drug conspiracy, in violation of 21 U.S.C. § 843(b) (Count Two); and money

laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count Three). [Doc. 1]. The Defendant made his initial appearance on May 14, 2009, at which time the Court approved the appointment of counsel. The Defendant's arraignment was held on May 18, 2009. At that time, the Defendant waived his right to a detention hearing and was detained pending trial. [Doc. 146]. On May 31, 2009, the Government filed a Notice pursuant to 21 U.S.C. § 851, setting forth the Defendant's prior conviction for a felony drug offense. [Doc. 159].

Thereafter, on July 1, 2009, the parties entered into a Plea Agreement. [Doc. 205]. In exchange for the Defendant's guilty plea, the Government agreed to dismiss Counts Two and Three and to recommend up to a three-level reduction of his offense level, provided that the Defendant demonstrated acceptance of responsibility for the offense and timely notified authorities of his intention to plead guilty. [Id. at ¶¶1, 6(b), 6(c)]. The parties also stipulated as part of the Plea Agreement that the Defendant was responsible for more than 50 grams but less than 150 grams of cocaine base, [Id. at ¶6a], and that notwithstanding the recommendations in the Plea Agreement, the Defendant could be subject to sentencing as a career offender pursuant to U.S.S.G. § 4B1.1 or as an

armed career criminal pursuant to U.S.S.G. § 4B1.4 if the Probation Office determined that his criminal history warranted such enhancement, [Id. at ¶6(e)]. Significantly, the Defendant agreed that he had discussed his rights to withdraw his plea of guilty with his counsel, and he waived any right to withdraw his plea once the Magistrate Judge had accepted it. [Id. at ¶16].

On July 2, 2009, the Defendant appeared with his counsel before the Honorable Dennis L. Howell, United States Magistrate Judge, for a Rule 11 proceeding to formally enter his guilty plea. Judge Howell engaged the Defendant in the lengthy colloquy required by Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. Based on the representations and answers of the Defendant and his counsel, Judge Howell found that the Defendant had entered his plea knowingly and voluntarily and that he understood the charges, the potential penalties, and the consequences of the guilty plea, and therefore he accepted the Defendant's plea of guilty. [See Doc. 207 at 9].

On January 15, 2010, Defendant's attorney, Janna D. Allison, was allowed to withdraw from the case. [Doc. 273]. On January 19, 2010, James W. Kilbourne, Jr., was appointed to represent the Defendant. [Doc. 274]. A draft presentence investigation report ("PSR") was made available

to the parties on February 18, 2010. [Doc. 294]. The report found that the Defendant's prior felony drug convictions mandate enhancement as a career offender pursuant to U.S.S.G. § 4B1.1, resulting in an offense level of 37. [Id. at ¶39]. After allowing a three-point reduction for acceptance of responsibility, [Id. at ¶ 40], the PSR calculates the Defendant's offense level as 34, [Id. at ¶ 41], with a corresponding criminal history category of VI, [Id. at ¶53]. The PSR further states that based on the § 851 Notice of one prior felony drug conviction, the Defendant is subject to a statutory minimum sentence of not less than 20 years. [Id. at ¶86]. Based on a total offense level of 34 and a criminal history category of VI, the PSR states that the applicable guideline range is 262 to 327 months' imprisonment. [Id. at ¶87].

The Defendant's objections to the draft PSR were due on March 7, 2010; however, no objections were filed. Instead, on March 24, 2010, the Defendant filed the present motion, seeking to withdraw his plea of guilty. [Doc. 307]. The Government filed its Response in opposition on April 2, 2010. [Doc. 313].

## II. DISCUSSION

A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing, but rather bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Courts typically consider a variety of factors in determining whether a defendant has met his burden, including:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. While all six factors are important, the Fourth Circuit has recognized that the first, second, and fourth factors "speak most straightforwardly to the question [of] whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). The remaining factors are to be used as a counterweight in determining "how heavily the presumption [against withdrawal] should weigh in any given case." Id. Further, in order

to show a fair and just reason to withdraw a plea based on ineffective assistance of counsel, as the Defendant alleges in his motion, he must demonstrate "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced in the sense that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted upon going to trial." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (internal quotation marks, alterations and citation omitted).

In the present case, the Defendant contends that he did not receive close assistance of counsel prior to entering his guilty because counsel: did not inform him of the effects of his plea [Doc. 307 at ¶13]; incorrectly advised him concerning the probable sentence he would receive [Id. at ¶7]; advised him that the Government could not use the § 851 enhancement because it contained the wrong date [Id. at ¶9]; and advised him that his presumptive sentencing range would be 100-125 months with possible reduction for substantial assistance [Id. at ¶10].

### 1. Knowing and Voluntary Guilty Plea

The first factor the Court must consider under Moore is whether the Defendant has offered credible evidence that his plea was not knowing or

not voluntary.  See Moore, 931 F.2d at 248.  The Fourth Circuit has noted that while each of the Moore factors should be considered, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) ("The key to a [plea withdrawal] motion is whether or not the Rule 11 proceeding was properly conducted."); United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) ("a 'fair and just' reason for withdrawing a guilty plea is one that 'essentially challenges . . . the fairness of the Rule 11 proceeding.'" (quoting Lambey, 974 F.2d at 1394)).

"[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." Wilson, 81 F.3d at 1306.  Statements made by a defendant during the course of such a proceeding may not ordinarily be repudiated.  Id. at 1308.  In fact, a strong presumption of veracity attaches to a defendant's declarations made in open court. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990).  Consequently, a defendant bears a heavy burden to demonstrate a legitimate basis for the withdrawal of the guilty plea made in conformity with Rule 11.

In the present case, the Defendant was placed under oath at the Rule 11 hearing and stated that he understood he was to give truthful answers to the questions asked by the Magistrate Judge. [Doc. 207 at ¶1]. He acknowledged that if he gave false information under oath that he could face prosecution for perjury or false statements. [Id. at ¶2]. The Defendant then advised the Court that he recognized his right to proceed before the district judge, but he expressly consented to proceed before a United States Magistrate Judge. [Id. at ¶¶4, 5]. The Defendant advised the Court that he was not under the influence of alcohol, drugs, or medicines, [Id. at ¶7], that his mind was clear, and he understood that he was entering a plea that could not later be withdrawn, [Id. at ¶9]. He attested that he had reviewed the Bill of Indictment and the Plea Agreement with counsel and that he was pleading guilty to Count One of the Indictment. [Id. at ¶¶10, 11]. The Magistrate Judge read Count One of the Indictment charging the Defendant with conspiracy to possess with intent to distribute cocaine base and reviewed the essential elements that the Government would be required to prove if Defendant proceeded to a jury trial. The Magistrate Judge further advised the Defendant he would be sentenced to not less than 20 years in prison "if at the time this offense was committed [he] had a

prior conviction for a felony drug offense which had become final," and that he would be subject to a mandatory life sentence if at the time of the charged offense he had two or more prior convictions for a felony drug offense which had become final. [Id. at 3-4]. The Defendant attested that he "fully unders[too]d the charges against [him], including the maximum and minimum penalties." [Id. at ¶12(a)]. Likewise, the Defendant attested that he understood that if his sentence was more severe than he expected he would still be bound by his plea with no right to withdraw his plea of guilty. [Id. at ¶22]. The Defendant also attested that he was pleading guilty because he was guilty of the offense charged in Count One of the Indictment, and not because of any coercion, threats or promises other than those contained within the written Plea Agreement. [Id. at ¶¶27, 28].

The Defendant further attested that he understood and agreed with the terms of the Plea Agreement [Id. at ¶32]; that he had had ample time to discuss possible defenses to the charges with his attorney and that he had told his attorney everything he wanted her to know about his case [Id. at ¶36]; and that he was "entirely satisfied" with her services [Id. at ¶37]. Based on the representations and answers of both the Defendant and his attorney, the Magistrate Judge accepted Defendant's guilty plea. [Id. at 9].

Pursuant to the Defendant's consent to have the Magistrate Judge preside over the Rule 11 hearing, the Magistrate Judge's acceptance of this plea is binding. See United States v. Breedlove, 7 F. App'x 268, 269 (4th Cir. Apr. 20, 2001).[1]

The Plea Agreement is also very specific concerning the possibility of a minimum sentence of 20 years based on Defendant's conviction of a prior felony drug offense. Specifically, the Plea Agreement provides, in pertinent part, as follows:

> 3. Count ONE: The defendant is aware that the statutory sentence for Count ONE is not less than 10 years nor more than life imprisonment, and/or a $4,000,000 fine, and at least five years supervised release, unless the defendant has previously been convicted of a felony drug offense. *If, by the date that the defendant pleads guilty, the United States has filed notice of one or more prior felony drug convictions, the statutory penalties are not less than 20 years nor more than life imprisonment, an $8,000,000 fine, and at least 10 years supervised release.* If, by the date that the defendant pleads guilty, the United States has filed notice of two or more prior felony drug convictions, the statutory penalty shall be life imprisonment and/or an $8,000,000 fine (21 USC 841(b)(1)(A)).

---

[1] It is well-settled that magistrate judges may conduct Rule 11 proceedings and accept guilty pleas with a defendant's consent. United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003); United States v. Graham, 48 F. App'x 458, 459 (4th Cir. Oct. 16, 2002).

[Doc. 205 at ¶3] (emphasis added).  The Defendant and his attorney had been put on notice of the prior conviction pursuant to the § 851 Notice. [Doc. 159].

The Defendant specifically acknowledges in the Plea Agreement that "the Court has not yet determined the sentence, that *any estimate from any source, including defense counsel*, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." [Doc. 205 at ¶5] (emphasis added).  The Defendant also agreed as part of the Plea Agreement that he had discussed his limited rights to withdraw his plea of guilty with counsel and "knowingly and expressly waive[d] any right to withdraw the plea once the Magistrate Judge ha[d] accepted it."  [Id. at ¶16].

At the Rule 11 hearing, the Defendant attested that he understood and agreed with the terms of the Plea Agreement.  [Doc. 207 at ¶32].  This statement was confirmed by the Defendant's counsel, who acknowledged that she had reviewed each of the terms of the plea agreement with the Defendant and was satisfied that he understood those terms.  [Id. at ¶35]. These statements during the Rule 11 proceeding constitute strong

evidence of the voluntariness of the Defendant's plea. See Wilson, 81 F.3d at 1308.

Based on the record and applicable case law, the Court concludes that the Defendant received an adequate Rule 11 hearing, which establishes that his plea was entered knowingly and voluntarily. Therefore, the Defendant's claim that his plea was not knowing and voluntary is without merit.

### 2. Credible Assertion of Legal Innocence

The Defendant does not attempt to assert his legal innocence in his Motion. To the contrary, the Defendant plainly admitted his guilt during the Rule 11 hearing. [See Doc. 207 at ¶27]. Therefore, this factor weighs against allowing the Defendant to withdraw his plea.

### 3. Delay between Entry of Plea and Filing of Motion

Another factor the Court must consider is whether there has been a delay between the entering of the plea and the filing of the motion. Moore, 931 F.2d at 248. In Moore, the Fourth Circuit found a six-week delay to be too lengthy. Id. Here, the Defendant's plea was accepted by the Magistrate Judge on July 2, 2009. [Doc. 207 at 9]. The Defendant's Motion to Withdraw his plea was not filed until March 24, 2010, over eight

months later. [Doc. 307]. The eight-month delay between the Defendant's plea and his motion to withdraw the plea weighs against granting his request.

### 4. Benefit of Effective Assistance of Counsel

Whether the Defendant has had close assistance of competent counsel is another factor for the Court to consider. See Moore, 931 F.2d at 248. At the Defendant's Rule 11 hearing on July 2, 2009, he testified that he was entirely satisfied with his then-appointed attorney. [Doc. 207 at ¶37]. The Defendant now claims that he did not receive "close assistance of counsel prior to entering [his] plea, in that counsel did not inform him of the effects of his plea." [Doc. 307 at ¶13]. Specifically, he claims that counsel misinformed him concerning the effect of the § 851 Notice, [Id. at ¶9], and that she misinformed him concerning his "presumptive sentencing range" [Id. at ¶10].

Where a defendant seeks to rely on improper advice of counsel to establish the "fair and just" reason for the withdrawal of plea of guilty, he must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and he was prejudiced to the degree that there is "a reasonable probability that, but for counsel's error, he would not

have pleaded guilty and would have insisted on going to trial." Lambey, 974 F.2d at 1394. The Defendant has made no such showing in this case. Moreover, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." Id. at 1395. Thus, regardless of any erroneous advice that Defendant's prior counsel may have given, the Defendant cannot show prejudice because he was properly advised by the Court of the maximum penalties for the offense based upon the filing of the § 851 Notice and of the fact that the Court would not be able to make a final determination of his sentence until after preparation of the PSR. [See Doc. 207 at 3-4 and ¶¶18-21]. Consequently, the Defendant has failed to meet his burden with respect to the fourth Moore factor.

**5.    Prejudice to the Government/Waste of Judicial Resources**

The final two factors for the Court to consider are whether allowing withdrawal of the guilty plea will cause prejudice to the Government, and whether it will inconvenience the Court and waste judicial resources. Moore, 931 F.2d at 248. While there is no direct proof of actual prejudice

14

to the Government in this case, the Court recognizes the potential prejudice to the Government if the Defendant were allowed to withdraw his plea and the case were set for trial after such a delay. Additionally, the court system has a strong interest in judicial economy. See Wilson, 81 F.3d at 1306. Significant resources have already been expended on the Defendant's case. Further, because the Defendant does not contest his guilt, allowing him to withdraw his plea and sending the case to trial would be a waste of judicial resources.

Accordingly, the Court concludes that all the factors recognized by the Fourth Circuit in Moore weigh against the Defendant's request to withdraw his guilty plea.

### III.    CONCLUSION

A proper Rule 11 hearing was conducted in this case, during which the Defendant testified under oath that he understood the mandatory minimum penalty he faced, that he understood the terms of his plea agreement, and that he was satisfied with his attorney. Now, over eight months later, the Defendant claims that he was misled by his attorney and that he was not fully informed of the effect of his plea. Based on a careful

review of the record in this case, the Court finds that the Defendant's claim is not credible. The Court further finds that the Defendant has failed to establish a fair and just reason to justify withdrawal of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Withdraw Guilty Plea Due to Ineffective Assistance of Counsel [Doc. 307] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 3, 2010

Martin Reidinger
United States District Judge